UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS MANDARINI III, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,<br>    Plaintiffs,<br><br>vs.<br><br>HIGHWAY SAFETY SOLUTIONS, INC. and HI-WAY SAFETY SYSTEMS, INC.,<br>    Defendants. | C.A. No. 17-11506 NMG |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO REPLY
TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Local Rule 7.1 and 37.1, Plaintiffs Louis A. Mandarini, III, as he is Executive Director of the Massachusetts Laborers' Health and Welfare Fund, et. al. ("the Funds" or "Plaintiffs") respectfully request leave to file a brief reply to Defendants Highway Safety Solutions, Inc. ("Solutions") and Hi-Way Safety Systems, Inc. ("Systems") (collectively "Defendants")'s oppositions to Plaintiffs' motion to compel production of documents.[1] As ground therefore, Plaintiffs state:

1.    Defendants' oppositions raise issues not anticipated by Plaintiffs' motion to compel. Namely, Plaintiffs wish to respond to Defendants' assertions that:

---

[1] Plaintiffs intend to file a single reply jointly addressing both Defendants' oppositions.

    a. Plaintiffs are not entitled to discovery from Systems because (i) Plaintiffs' discovery requests for documents concerning "Laborer Employees" are too narrowly tailored to include Systems' employees, and (ii) the MOU which initially bound Solutions to the collective bargaining agreement explicitly excluded Systems; and

    b. Plaintiffs are not entitled to contracts, bidding documents, correspondence, invoices, or banking records from either Systems of Solutions because the documents are irrelevant and/or production would be overly burdensome.

2. Defendants' oppositions also lodge inaccurate, incendiary, and offensive accusations to which Plaintiffs' Counsel vigorously object. Plaintiffs' Counsel deserves an opportunity to respond.

3. Plaintiffs' Counsel has conferred with Defendants' Counsel and is hopeful they will be able to narrow the scope of several requests but were unable to come to an agreement on all requests.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request leave to reply to Defendants' oppositions.

Respectfully submitted,

LOUIS A. MANDARINI, III, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, et al.

By their attorneys,

/s/ Sasha N. Gillin
Anne R. Sills, BBO No. 546576
Sasha N. Gillin, BBO No. 690769
Nathan P. Goldstein BBO No. 666101

>Segal Roitman, LLP
>33 Harrison Avenue, 7th Floor
>Boston, MA 02111
>(617) 742-0208
>asills@segalroitman.com
>sgillin@segalroitman.com
>ngoldstein@segalroitman.com

## **LOCAL RULE 7.1(a)(2) CERTIFICATION**

The undersigned counsel certifies that she has conferred with Defendants' counsel in good faith to attempt to resolve or narrow the issues.

>/s/ Sasha N. Gillin
>Sasha N. Gillin

Dated: November 8, 2018

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the above document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 8th day of November 2018.

>/s/ Sasha N. Gillin
>Sasha N. Gillin