UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS MANDARINI III, as he is EXECUTIVE
DIRECTOR, MASSACHUSETTS LABORERS' HEALTH
AND WELFARE FUND, et al.,
    Plaintiffs,

vs.                            C.A. No. 17-11506 NMG

HIGHWAY SAFETY SOLUTIONS, INC. and HI-WAY
SAFETY SYSTEMS, INC.,
    Defendants.

## UNOPPOSED MOTION TO SEAL

Plaintiffs respectfully request that this Court seal the following documents from the public record: Docket Nos. 56, 58, 59, 60, 63, 64, 83, and 84, including all exhibits thereto.[1] Plaintiffs ask that these documents be sealed as they contain and reference confidential attorney-client communications and confidential business records. Defendants do not oppose this Motion. As further grounds therefore, Plaintiffs state the following.

This case concerns efforts of a collection of employee pension and welfare benefit plans to obtain allegedly delinquent contributions from two defendant employers. During the course of the litigation, the Defendants filed certain documents on the Court's public docket, which the Plaintiffs assert contain confidential attorney-client communications and confidential business information.

The Plaintiffs and Defendants have reached a written, fully executed settlement agreement. The Parties will soon file a Stipulation of Dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(2).

---

[1] Some but not all of these dockets have previously been placed under seal. See Docket No. 69.

The Plaintiffs now move to seal the above documents to best protect material arguably protected by the attorney-client privilege and to protect the Plaintiffs' legitimate business interests. "In civil cases, interests which courts have found sufficient to justify impoundment include trade secrets, confidential business information, information covered by a recognized privilege such as the attorney-client privilege and information required by statute to be sealed." Velcro Grp. Corp. v. Zijlstra, 180 F. Supp. 3d 106, 107 (D. Mass. 2016).

Here, the documents that Plaintiffs ask the Court to seal are part of the transaction related to a dispute about the scope of attorney-client privilege. The importance of the attorney-client privilege is beyond dispute. Even beyond the question of privilege, the documents concern confidential business information about the way the Plaintiffs investigate and litigate cases against contractors that may owe fringe benefit contributions if they are determined to be unlawfully double-breasted. They also disclose legal strategy, which itself is also confidential business information. The documents include references to contractors and cases that have no bearing on this case. Moreover, there is no apparent public interest in this case. The only potential audience to these documents is likely to be delinquent contractors who endeavor to obtain a litigation advantage over the Funds in order to avoid making the payments that go to paying employee health and welfare and pension benefits. Such a litigation advantage should not be made available through the unnecessary continued publication of the Plaintiffs' confidential business information on the Court's public docket.

WHEREFORE, the Plaintiffs respectfully request that this Court seal the following documents from the public record: Docket Nos. 56, 58, 59, 60, 63, 64, 83, and 84, including all exhibits thereto.

Respectfully submitted,

LOUIS A. MANDARINI, III, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, et al.

By their attorneys,

/s/ Nathan P. Goldstein
Anne R. Sills, BBO No. 546576
Nathan P. Goldstein, BBO No. 666101
Sasha N. Gillin, BBO No. 690769
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 742-0208, Ext. 253
ngoldstein@segalroitman.com

Dated: July 2, 2019

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned counsel certified that they have conferred with Defendants' counsel in good faith to attempt to resolve or narrow the issues.

/s/ Nathan P. Goldstein
Nathan P. Goldstein

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 2nd day of July 2019.

/s/ Nathan P. Goldstein
Nathan P. Goldstein

NPG/npg&ts
6306-19260/Motion to Seal.doc